```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

LASALLE BANK NATIONAL               :
ASSOCIATION, as Trustee
for the benefit of the              :
Certificateholders of J.P.
Morgan Chase Commercial             :   08 Civ. 8426 (WHP)(HBP)
Mortgage Securities Trust
2007-CIBC19 Commercial Mortgage     :   ORDER
Pass-Through Certificates, by
and though LNR Partners, Inc.       :
as Special Servicer,
                                    :
            Plaintiff,
                                    :
    -against-
                                    :
CIBC INC.,
                                    :
            Defendant.
                                    :
-----------------------------------X
```

PITMAN, United States Magistrate Judge:

A conference having been held in this matter during which various discovery disputes were discussed, for the reasons stated on the record in open court and the additional reasons set forth below, it is hereby ORDERED that:

> 1. Plaintiff's application to withdraw its designation of Timothy Hallock as a testifying expert is granted.

2. Plaintiff's application to designate another expert witness in substitution for Mr. Hallock and Mr. Greenspan is denied.

3. Plaintiff's application to preclude all use of Hallock's testimony or his report is denied without prejudice to renewal at trial. At this point, it is impossible to conclude with confidence that there are no conditions under which defendant could use a statement from Hallock. Except for use on cross-examination, defendant's counsel is to provide plaintiff's counsel with advance notice of any proposed use of Hallock's testimony or report.

4. Defendant's application to preclude Mr. Gibbs from testifying as an expert witness is granted in part and denied. Plaintiff intends to call Mr. Gibbs as an expert witness concerning the adequacy or reasonableness of plaintiff's efforts to mitigate its damages after BBV filed for bankruptcy. Because the options available to a secured creditor when a debtor files for bankruptcy is probably beyond the knowledge of most jurors, I conclude that this is an appropriate subject for expert testimony. Given his experience, Mr. Gibbs can testify to the options available to a secured

creditor in such a situation, what he perceives to be the advantages and disadvantages to each option, and what course of action, in his opinion, would have been the most advantageous. Although this testimony may "embrace[]" an ultimate issue on the case, that fact is not a valid objection. Fed.R.Evid. 704(a). Mr. Gibbs cannot testify that plaintiff's conduct was reasonable, prudent or satisfied plaintiff's obligation to mitigate its damages. Such testimony would not merely embrace the ultimate issue, but would usurp the function of the fact finder to determine whether plaintiff's mitigation efforts were adequate. See United States v. Bilzerian, 96 F.2d 1285, 1294-95 (2d Cir. 1991) (securities law expert permitted to testify regarding the requirements of SEC Schedule 13D; not permitted to testify whether Schedule 13D prepared by defendant violated the securities law). Defendant's remaining objections to Mr. Gibbs testimony, such as his long-standing relationship

with plaintiff, go to the weight of his testimony, not its admissibility.

Dated: New York, New York
       October 8, 2010

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

Patrick F. McManemin, Esq.
Suite 1700
2000 McKinney Avenue
Dallas, Texas  75201

Talcott J. Franklin, Esq.
Talcott Franklin P.C.
Suite 200
208 N. Market Street
Suite 200
Dallas, Texas  75202

Joseph DiBenedetto, Esq.
Christopher Paolella, Esq.
Winston & Strawn LLP
200 Park Avenue
New York, New York  10166