UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
LA SALLE BANK NATIONAL ASSOCIATION, :

                                08 Civ. 8426 (WHP)

              Plaintiff,       :

                                MEMORANDUM & ORDER

     -against-              :

CIBC, INC.,                    :

                Defendant.    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

WILLIAM H. PAULEY III, District Judge:

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/12/12

           Plaintiff LaSalle Bank National Association ("LaSalle"), as trustee for certificate

holders of certain commercial mortgage securities, brings this breach of contract and breach of

warranty action against Defendant CIBC, Inc. ("CIBC"). CIBC moves to strike LaSalle's

demand for a jury trial. For the following reasons, CIBC's motion is denied.

## BACKGROUND

           This Court's Memorandum and Order dated October 17, 2011, ("the October 17

Memorandum and Order") sets forth the underlying facts. See LaSalle Bank Nat'l Ass'n. v.

CIBC, Inc., No. 08 Civ. 8426 (WHP), 2011 WL 4943341 (S.D.N.Y. Oct. 17, 2011).

## DISCUSSION

           The Seventh Amendment provides a right to a jury trial for suits at common law

where the value in controversy exceeds twenty dollars and concerns a private right. See

Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 40-41 (1989). The outcome of CIBC's motion

turns on whether LaSalle is entitled to legal remedies under the contracts governing the sale of the troubled loan. See Citigroup Inc. v. VDN Sys., Inc., No. 08 Civ. 7527 (SHS), 2008 WL 5274091, at *2 (S.D.N.Y. Dec. 16, 2008) (party not entitled to jury trial when seeking equitable remedy).

The Mortgage Loan Purchase Agreement ("MLPA") provides that "[t]he Seller's obligation to cure any Breach or Defect or repurchase or substitute any affected Mortgage Loan . . . shall constitute the sole remedy available to the Purchaser." (Declaration of Chris Costello, dated November 21, 2011 ("Costello Decl."), Ex. 2: MLPA, § 6(g).) However, "no limitation of remedy is implied with respect to the Seller's breach of its obligation to cure, repurchase or substitute in accordance with the terms and conditions of this Agreement." (MLPA, § 6(g).) In other words, the MLPA limits LaSalle's remedies with respect to its breach of warranty claims but does not limit LaSalle's remedies where CIBC subsequently breaches its obligation to repurchase or substitute a loan. CIBC offers no compelling reason why the Court should read this provision to mean anything other than what it says. See Innophus, Inc. v. Rhodia, S.A., 10 N.Y. 3d 25, 29 (2008) (explaining that contracts must be construed according to the parties' intent and the best evidence of that intent is the writing itself). LaSalle is therefore entitled to seek legal remedies on its breach of contract claim arising from CIBC's failure to repurchase or substitute the loan. See Citigroup, 2008 WL 5274091, at *2 (damages for breach of contract considered legal remedy).

CIBC argues that judicial estoppel bars LaSalle from seeking legal remedies. Judicial estoppels applies if: "(1) a party's later position is clearly inconsistent with its earlier position; (2) the party's former position has been adopted in some way by the court in the earlier

-2-

proceeding; and (3) the party asserting the two positions would derive an unfair advantage against the party seeking estoppel." In re Adelphia Recovery Trust, 634 F.3d 678, 695-96 (2d Cir. 2011) (internal quotation marks omitted).  Further, the Second Circuit limits judicial estoppel to "situations where the risk of inconsistent results with its impact on judicial integrity is certain."  DeRosa v. Nat'l Envelope Corp., 595 F.3d 99, 103 (2d Cir. 2010).

CIBC contends that LaSalle's request for a legal remedy is clearly inconsistent with its position on summary judgment.  In its brief in support of that motion, LaSalle represented that repurchase and substitution were the sole remedies for a breach of warranty. (Costello Decl., Ex. 1 at 17-18.)  But there is no inconsistency because LaSalle argued in that same brief that CIBC's failure to repurchase or substitute the loan constituted an independent breach for which general contract remedies are available.  (Costello Decl., Ex. 1 at 18-19.) Moreover, this Court never adopted LaSalle's purported prior position.  Rather, the Court merely recounted the facts of the dispute when it stated in the October 17 Memorandum and Order that LaSalle demanded repurchase or substitution of the loan.  See LaSalle Bank Nat'l Ass'n., 2011 WL 4943341, at *2.  Therefore, judicial estoppel does not bar LaSalle from seeking damages.

Additionally, CIBC argues that specific performance, rather than damages, is the only viable remedy because LaSalle has not designated a damages expert and cannot prove damages.  But the Pooling and Servicing Agreement ("PSA") provides a formula for calculating the loan's repurchase price in the event of a breach of warranty.  (Costello Decl. Ex. 3: PSA at 67.)  And several courts have found such formulas to be an adequate method for calculating damages.  See LaSalle Bank Nat'l Ass'n. ex rel Lewnnar Partners, Inc. v. Capco Am. Securitzation Corp., No. 02 Civ. 9916 (RLC), 2005 WL 3046292, at *5 (S.D.N.Y. Nov. 14,

-3-

2005) ("The parties agreed to a method of calculating the repurchase price . . . . By awarding damages in the amount that [defendant] agreed to pay in the event of breach, the court will make LaSalle whole."); see also Wells Fargo Bank, N.A. v. LaSalle Bank, N.A., No. Civ-08-1125-C, 2011 WL 3739170, at *3 (W.D. Okla. Aug. 23, 2011). The authorities that CIBC cites for the proposition that a damages award is not viable are inapposite. See Capco Am. Securitzation Corp., 2005 WL 3046292, at *5 (acknowledging that the repurchase formula can be used to calculate damages); see also Wells Fargo Bank, N.A. v. LaSalle Bank, N.A., 643 F. Supp. 2d 1014, 1041 (S.D. Ohio 2009) (acknowledging that in some commercial mortgage-backed securities cases damages are inappropriate because of the difficulty of calculating them).

## CONCLUSION

For the foregoing reasons, CIBC's motion to strike LaSalle's demand for a jury trial is denied.

Dated: January 12, 2012
        New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

Patrick Frank McManemin
Patton Boggs LLP
2000 Mckinney
Dallas, TX 75201
*Counsel for Plaintiff*

Talcott J. Franklin
Talcott Franklin P.C.
208 N. Market Street
Suite 200
Dallas, TX 75202
*Counsel for Plaintiff*

Joseph A. DiBenedetto
Winston & Strawn LLP (NY)
200 Park Avenue
New York, NY 10166
*Counsel for Defendant*